GORLICK, KRAVITZ & LISTHAUS, P.C.
Joy K. Mele
29 Broadway, 20th Floor
New York, New York 10006
jmele@gkllaw.com
Tel. (212) 269-2500
Fax (212) 269-2540
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BUFFALO LABORERS WELFARE FUND;
BUFFALO LABORERS PENSION FUND; BUFFALO
LABORERS TRAINING FUND; BUFFALO
LABORERS SECURITY FUND; THOMAS L.
PANEK, in his fiduciary capacity as
ADMINISTRATOR; LABORERS EMPLOYERS
COOPERATION AND EDUCATION TRUST; and
LABORERS' LOCAL 210, INTERNATIONAL
UNION OF NORTH AMERICA,                                                       **COMPLAINT**

                                     **Plaintiffs,**

- against -

**VALERI CONCRETE CONSTRUCTION, INC.**

                                     **Defendant.**
-----------------------------------------------------------------X

Plaintiffs BUFFALO LABORERS WELFARE FUND; BUFFALO LABORERS PENSION FUND; BUFFALO LABORERS TRAINING FUND; BUFFALO LABORERS SECURITY FUND (collectively, "Funds"); THOMAS L. PANEK, in his fiduciary capacity as ADMINISTRATOR ("Panek"); LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST ("LECET"); and LABORERS' LOCAL 210, INTERNATIONAL UNION OF NORTH AMERICA ("Union") (the Funds, Panek, LECET and the Union are collectively "Plaintiffs"), by and through their attorneys, GORLICK, KRAVITZ & LISTHAUS, P.C., as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought pursuant to, *inter alia*, §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended 29 U.S.C. §§ 1132(a)(3) and 1145, and § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 (the "Taft-Hartley Act"), by the Plaintiffs for breach of contract, injunctive relief, and for other legal equitable relief under ERISA and the Taft-Hartley Act.

2. This Complaint alleges, *inter alia*, that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, Defendant Valeri Concrete Construction, Inc. ("Valeri") violated one or more contracts between an employer and a labor organization, as defined under the Taft-Hartley Act, the Funds' respective trust agreements, and ERISA.

3. Jurisdiction of this Court is invoked under the following statutes:

   a. ERISA § 502(e)(1) and (f) (29 U.S.C. § 1132(e)(1) and (f));

   b. Taft-Hartley Act § 301 (29 U.S.C. § 185);

   c. 28 U.S.C. § 1331 (federal question);

   d. 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

   e. 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue properly lies in this district under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and the Taft-Hartley Act § 301 (29 U.S.C. § 185(c)) because the Funds and the Union are administered and maintain their principal offices in this district, the contractual breaches took place in this district, and Valeri may be found in this district. Service of process may be made on Valeri in any other district in which it may be found pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)).

## PARTIES

5. The Funds and LECET are jointly administered, multi-employer, labor management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with the Taft-Hartley Act §§ 302(c)(5) and (c)(6) (29 U.S.C. § 186(c)(5) and (c)(6)). The Funds are also employee benefit plans within the meaning of ERISA §§ 3(1), 3(2), 3(3) and 502(d)(1) (29 U.S.C. §§ 1002(1)-(3), and 1132(d)(1)), and multi-employer plans within the meaning of ERISA §§ 3(37) and 515 (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suits as independent legal entities under ERISA § 502(d)(1) (29 U.S.C. 1132(d)(1)). The Funds maintain their offices and are administered at 25 Tyrol Drive, Suite 200, Cheektowaga, New York 14227.

6. The Funds provide fringe benefits to eligible employees on whose behalf employers in the construction industry contribute to the Funds pursuant to collective bargaining agreements between such employers and the Union.

7. The Funds are third-party beneficiaries to such collective bargaining agreements as collectors and trustees of employer contributions made pursuant to these collective bargaining agreements.

8. The Funds are also the duly authorized collection agent for the Health and Safety Fund.

9. Plaintiff Thomas L. Panek ("Panek"), as Administrator of the Funds, is a fiduciary of the Funds within the meaning of ERISA §§ 3(21) and 502 (29 U.S.C. §§ 1002(21) and 1132) and brings this action in his fiduciary capacity.

10. The Union is a labor organization within the meaning of § 301 of the Taft-Hartley

Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined by § 501 of the Taft-Hartley Act, 29 U.S.C. § 142 and ERISA § 3(4) (29 U.S.C. § 1002(4)). The Union is administered at its principal office located at 25 Tyrol Drive, Cheektowaga, New York 14227.

11. The Union collects, in accordance with the collective bargaining agreements, dues and contributions to the New York State Laborers' Political Action Committee ("NYSLPAC"), which are deducted from employee wages and remitted to the Union.

12. Defendant Valeri is a for-profit domestic corporation doing business in the State of New York as an employer within the meaning of ERISA §§ 3(5) and 515 (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meeting of the Taft-Hartley Act § 301 (29 U.S.C. § 185). Upon information and belief, Valeri's principal office is located at 6297 Wendt Drive, Niagara Falls, NY 14304.

## BACKGROUND FACTS

13. On or about August 7, 2014, Valeri entered into the Heavy and Highway, Utility and Tunnel Construction ("Agreement") with the Union, effective the day of signing through March 31, 2017.

14. The Agreement contains an evergreen clause which provides that it will remain in effect year-to-year after its initial term unless either signatory provides the other with written notice on or before the 31st day of January 2017.

15. To date, the Agreement has not been modified, amended, or terminated and remains in effect.

16. Among other things, the Agreement requires Valeri to, *inter alia*: (i) submit to the Funds reports detailing the number of hours that Valeri employees performed work within the

trade and geographic jurisdiction of the Union ("Covered Work"); (ii) make fringe benefit contributions to the Funds based on the number of hours of Covered Work Valeri employees perform; (iii) deduct dues checkoffs and NYLPAC checkoffs from the wages of employees who perform Covered Work; (iv) remit all deducted checkoffs to the Union; (v) permit the Funds and/or their designated representatives to audit Valeri's books and records; and (vii) apply interest and other fees and costs on delinquent fringe benefit contributions.

17. The Funds performed an audit of Valeri's books and records ("Audit") for the period of October 1, 2016 through January 31, 2020 ("Audit Period"). The Audit revealed that there were 2,378 hours of Covered Work performed by Valeri employees during the Audit Period for which Valeri failed to comply with its obligations under the Agreement to make fringe benefit contributions to the Funds and deduct and/or remit checkoffs to the Union.

18. By correspondence dated March 4, 2020, the Funds demanded full and immediate payment of all unpaid amounts revealed through the Audit.

19. On or about March 9, 2020, the Funds received a partial payment from Valeri in the amount of $22,498.07, towards the audited delinquency.

20. By correspondence dated March 18, 2020, the Funds demanded full and immediate payment of all remaining unpaid amounts revealed through the Audit, plus interest on the unpaid and late paid contributions.

21. To date, Valeri has not paid the remaining principal audited delinquency, or interest on the unpaid and late paid contributions.

22. Upon information and belief, Valeri continued to perform Covered Work after the Audit Period and continues to perform Covered Work.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (CLAIM FOR BREACH OF CONTRACT FOR DELINQUENT FRINGE BENEFIT AND LECET CONTRIBUTIONS DURING THE AUDIT PERIOD)

23. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

24. Article XVI of the Agreement provides that Valeri must make fringe benefit contributions to the Funds for each hour of Covered Work performed by Valeri employees.

25. Valeri failed to make contractually mandated fringe benefit and LECET contributions for 1,588 hours of Covered Work performed by its individual employees during the Audit Period, resulting in principal fringe benefit and LECET deficiency of $40,256.73.

26. Valeri's failure to make required contributions to the Funds during the Audit Period is a breach of the Agreement between Valeri and the Union to which the Funds are third-party beneficiaries.

27. Article XVI § 9(a) of the Agreement requires employers found delinquent in their payment of contributions to the Funds to pay interest on the unpaid or late paid amounts at the rate of ten percent (10%) per annum or the rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater.

28. Article XVI § 9(a) of the Agreement provides that if the Funds bring an action to recover the interest on delinquent fringe benefit contributions, Valeri is obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action.

29. Article XVI § 9(b) of the Agreement provides that in the event that formal proceedings to recover unpaid contributions are instituted and the Court renders judgment for the Funds, Valeri must pay to the Funds: (i) the unpaid contributions; (ii) interest on the unpaid contributions at the rate of 10% per year or the rate prescribed under Section 6621 of Title 26 of

the United States Code, whichever is greater; (iii) liquidated damages in an amount equal to the interest on the delinquent contributions; (iv) reasonable attorneys' fees; and (v) such other legal or equitable relief as the Court deems appropriate.

30. Accordingly, Valeri is liable to the Funds for failing to make required fringe benefit and LECET contributions for Covered Work performed by Valeri employees during the Audit Period in the principal amount of $40,256.73, plus interest liquidated damages and all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs, and all other contractual and statutory damages.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF ERISA OBLIGATIONS)

31. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32. ERISA § 515 (29 U.S.C. § 1145) requires employers to make contributions in accordance with the terms and conditions of collective bargaining agreements.

33. Valeri is an employer under ERISA and is bound by the Agreement.

34. During the Audit Period, Valeri failed to make contributions to the Funds as required under the Agreement.

35. Failure to make such payments violates ERISA § 515 (29 U.S.C. § 1145).

36. Once it is found that an employer has violated ERISA § 515 (29 U.S.C. § 1145), the Court is required by ERISA 502(g)(2) (29 U.S.C. § 1132(g)(2)) to award the Funds: (i) all unpaid ERISA fringe benefit contributions; (ii) interest on the unpaid contributions; (iii) an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Funds' plan; (iv) reasonable attorneys' fees and costs incurred in prosecuting the action; and (v) such other legal and equitable relief as the Court deems appropriate. Interest on unpaid

contributions shall be determined by using the rate provided under the Funds' plan, or, if none, the rate prescribed under Section 6621 of Title 26 of the United States Code.

37. Article XVI § 9(a) of the Agreement requires employers found delinquent in their payment of contributions to the Funds to pay interest on the unpaid amounts at the rate of ten percent (10%) per annum or the rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater.

38. Article XVI § 9(b) provides for liquidated damages in an amount equal to the interest on the delinquent contributions.

39. Article XVI § 9(b) of the Agreement provides that in the event that formal proceedings to recover unpaid contributions are instituted and the Court renders judgment for the Funds, Valeri must pay to the Funds: (i) the unpaid contributions; (ii) interest on the unpaid contributions at the rate of 10% per year or the rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater; (iii) liquidated damages in an amount equal to the interest on the delinquent contributions; (iv) reasonable attorneys' fees; and (v) such other legal or equitable relief as the Court deems appropriate.

40. Accordingly, Valeri is liable to the Funds for failing to make required ERISA contributions for 1,588 hours of Covered Work performed by Valeri employees during the Audit Period, plus statutory damages including interest, liquidated damages, Plaintiffs' attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132) and the Agreement.

<b><u>AS AND FOR A THIRD CLAIM FOR RELIEF</u></b><br><b>(CLAIM FOR BREACH OF CONTRACT FOR FAILURE TO REMIT DUES<br>AND NYSLPAC CHECKOFFS DURING THE AUDIT PERIOD)</b>

41. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs

1 through 40 of this Complaint, as if fully set forth herein.

42. Article XXII §§ 2 and 3 of the Agreement requires Valeri to deduct and remit to the Union or to any agency designated by the Union, dues and NYSLPAC checkoffs withheld from the wages of employees who perform Covered Work.

43. During the Audit Period, Valeri failed to deduct and/or remit $2,883.66 in dues and NYSLPAC checkoffs from the wages of its employees who performed Covered Work.

44. Valeri's failure to deduct and/or remit the dues checkoffs and NYSLPAC checkoffs contributions for the Audit Period is a breach of the Agreement.

45. Plaintiffs are entitled to prejudgment interest on the unremitted checkoffs at the New York State statutory rate of nine percent (9%) per annum pursuant to New York Civil Practice Law and Rules §§ 5001 and 5004.

46. Accordingly, Valeri is liable to the Union for undeducted and/or unremitted dues and NYSLPAC checkoffs during the Audit Period in the principal amount of $2,883.66 plus interest and any and all other contractual damages.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT FOR FAILING TO POST A BOND)

47. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 46, as if fully set forth herein.

48. Pursuant to Article XVI § 10(a) of the Agreement, Valeri is required, *inter alia*, to post a surety bond to ensure payment of contributions in the amount of at least fifty thousand dollars ($50,000.00), guaranteeing the payment of all fringe benefit contributions and wage deductions required to be paid under the Agreement.

49. Upon information and belief, Valeri has not posted a bond or provided the Funds or the Union with a cash alternative.

50. The failure, refusal, or neglect of Valeri to post the required bond or cash alternative is a breach of the Agreement.

51. Accordingly, pursuant to Article XVI § 10 of the Agreement, Valeri is required to post a bond or furnish a cash alternative in the amount of the bond.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (DEMAND FOR AN ORDER DIRECTING VALERI TO PERMIT AN AUDIT OF ITS BOOKS AND RECORDS)

52. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

53. Article XVI § 12(a) of the Agreement requires Valeri to retain, for a minimum period of six (6) years, payroll and related records necessary for the conduct of a proper audit in order that a designated representative of the Trustees may make periodic review to confirm that contributions owed pursuant to the Agreement are paid in full.

54. In addition, ERISA requires every employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1).

55. Pursuant to Article XVI § 12(a) of the Agreement, Valeri is required, *inter alia*, to permit and cooperate with the Funds and/or their designated representative in the conduct of audits of its books and records, which include, without limitation:

> [A]ll payroll sheets, W-2 forms, New York State Employment Reports, Insurance Company reports and supporting checks, ledgers, the general ledger, cash disbursement ledgers, vouchers, 1099 forms, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s).

56. Accordingly, pursuant to the terms and conditions of the Agreement, the Funds demand an order directing Valeri to permit and cooperate with the Funds and/or their designated

representative in the conduct of an audit of Valeri's books and records for the period of February 1, 2020 through the present.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### (CLAIM FOR COST OF THE AUDIT)

57. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 56, as if fully set forth herein.

58. Pursuant to Article XVI, Section 12(a) of the Agreement, Valeri is required to pay the cost of the audit in the event that the audit discloses a delinquency in excess of 10% of the prior year's contribution or $2,000.00, whichever is greater.

59. The audit of Valeri's books and records for the Audit Period disclosed a delinquency in excess of $2,000.00.

60. Accordingly, Valeri is obligated to pay the cost of the Audit.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### (CLAIM FOR FRINGE BENEFIT AND LECET CONTRIBUTIONS, DUES AND NYSLPAC CHECKOFFS AND OTHER STATUTORY AND CONTRACTUAL DAMAGES FOUND PURSUANT TO AN AUDIT OF VALERI)

61. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 60, as if fully set forth herein.

62. The Agreement requires Valeri to pay fringe benefit and LECET contributions, and dues and NYSLPAC checkoffs found due and owing pursuant to an audit of its books and records.

63. Pursuant to Article XVI § 9(a), if such audit reveals a deficiency in the payment of fringe benefit and LECET contributions and/or a failure to deduct or remit dues and NYSLPAC checkoffs, Valeri must pay to the Funds and Union all delinquent fringe benefit and LECET contributions and checkoffs, plus interest, liquidated damages and costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs.

11

64. Valeri is also obligated to pay the cost of the audit of its books and records for the period of February 1, 2020 through the present, if it discloses a delinquency in excess of 10% of the prior year's contributions or $2,000.00, whichever is greater.

65. Upon information and belief, Valeri has not paid all fringe benefit and LECET contributions, and dues and NYSLPAC checkoffs found due and owing to the Funds and the Union for the period of February 1, 2020 to the present.

66. Accordingly, Valeri is liable to the Funds and the Union for all unpaid fringe benefit and LECET contributions, and dues and NYSLPAC checkoffs found due and owing pursuant to an audit for the period of February 1, 2020 through the present, plus interest, liquidated damages, reasonable audit and accounting expenses, audit costs, witness costs, attorneys' fees and court costs, all other contractual and statutory damages, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132) and the Agreement.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF)

67. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 66 of this Complaint, as if fully set forth herein.

68. Pursuant to the Agreement, Valeri is required to timely pay fringe benefit and LECET contributions, and dues and NYSLPAC checkoffs to the Funds and the Union, timely submit all required reports to the Funds and the Union, and permit and cooperate in the conduct of audits of Valeri's books and records for so long as it remains obligated to do so pursuant to the Agreement.

69. Valeri has failed to permit an audit of its books and records and is currently in breach of its obligations under the Agreement. Valeri's conduct demonstrates a significant likelihood that it will continue to breach the terms of the Agreement.

70. Plaintiffs have no adequate remedy at law to ensure that Valeri will adhere to the terms of the Agreement.

71. The Funds will suffer immediate and irreparable injury unless Valeri, its officers, agents, servants and employees are enjoined from failing, refusing, or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of an audit for so long as Valeri remains obligated to the Agreement. The Union will suffer immediate and irreparable injury unless Valeri, its officers, agents, servants and employees are enjoined from failing, refusing, or neglecting to remit checkoffs and NYSLPAC contributions deducted from the wages paid to employees who authorize said deductions, for so long as it remains obligated to do so.

72. Accordingly, the Funds request this Court to issue an injunction permanently enjoining Valeri, its officers, agents, servants and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to pay and/or submit the required contributions and/or reports of the Funds and requiring it to permit and cooperate in the conduct of an audit for the term of the Agreement. The Union requests this Court to issue an injunction permanently enjoining Valeri, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to remit dues checkoffs and NYSLPAC contributions deducted from the wages paid to employees who authorize said deductions for the term of the Agreement.

**AS AND FOR A NINTH CLAIM FOR RELIEF**
**(CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA)**

73. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 72 of this Complaint, as if fully set for the herein.

74. Pursuant to provisions of ERISA and the Agreement, Valeri is required to permit and cooperate in the conduct of an audit of Valeri's books and records for so long as it remains obligated to do so pursuant to the Agreement.

75. Valeri is also required under ERISA to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1).

76. Valeri has failed to permit and cooperate in the conduct of an audit of Valeri's books and records for so long as it remains obligated to do so pursuant to the Agreement, and is currently in breach of its statutory obligations under ERISA. Valeri's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory and contractual provisions.

77. Plaintiffs have no adequate remedy at law to ensure Valeri will continue to adhere to its statutory obligations.

78. Plaintiffs will suffer immediate and irreparable injury unless Valeri, its officers, agents, servants and employees are enjoined from failing, refusing, or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of an audit of Valeri's books and records for so long as Valeri remains obligated to do so pursuant to ERISA.

79. Accordingly, Plaintiffs request this Court to issue an injunction permanently enjoining Valeri, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds requiring it to permit and cooperate in the conduct of an

audit of Valeri's books and records for the term of the Agreement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Valeri:

- a) for payment of delinquent fringe benefit, LECET, and Health and Safety Fund contributions in the principal amount of $40,256.73 for the time period of October 1, 2016 through January 31, 2020;

- b) for payment of all required dues and NYLPAC checkoffs in the principal amount of $2,883.66 for the time period of October 1, 2016 through January 31, 2020;

- c) for interest on delinquent fringe benefit, LECET, and Health and Safety Fund contributions for the time period of October 1, 2016 through January 31, 2020 from the time such contributions were due at the rate of 10% per annum or the rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater;

- d) for liquidated damages on the delinquent fringe benefit, LECET and Health and Safety Fund contributions for the time period of October 1, 2016 through January 31, 2020 in an amount equal to the interest on the delinquent fringe benefit, LECET and Health and Safety Fund contributions;

- e) for interest on all unremitted dues and NYSLPAC contributions at the rate set by C.P.L.R. § 5004;

- f) for all ERISA damages pursuant to 29 U.S.C. § 1132(g);

- g) for all reasonable audit and accounting expenses;

- h) for all audit costs;

- i) for all witness costs;

- j) for Plaintiffs' attorneys' fees and costs;

- k) for an Order requiring Valeri to post a bond or provide a cash alternative;

- l) for an Order requiring Valeri to cooperate with the Funds in an audit of its books and records for the time period of February 1, 2020 through the present;

- m) for an Order requiring payment of all fringe benefit, LECET and Health and

15

    Safety Fund contributions, dues and NYSLPAC checkoffs and all contractual and statutory damages found due and owing pursuant to an audit for the time period of February 1, 2020 through the present;

n)   for an Order permanently enjoining Valeri, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise, for so long as they remain obligated to contribute to the Funds and the Union, from failing, refusing or neglecting to pay and/or submit to the Funds and the Union the required monetary contributions, and dues and NYSLPAC checkoffs and permit and cooperate in the conduct of audits for so long as Valeri remains obligated to do so pursuant to the Agreement;

o)   for an Order permanently enjoining Valeri, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required monetary contributions, and permit and cooperate in the conduct of audits for so long as Valeri remains obligated to do so pursuant to ERISA; and

p)   for such other and further relief as the Court deems just and proper.

Dated: New York, New York
   May 4, 2020

                GORLICK, KRAVITZ & LISTHAUS, P.C.
                *Attorneys for Plaintiffs*

                By: _____
                  Joy K. Mele
                  29 Broadway, 20th Floor
                  New York, New York 10006
                  jmele@gkllaw.com
                  Tel. (212) 269-2500
                  Fax (212) 269-2540